IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYREE STEPHENS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civ. Act. No. 08-08-GMS |
| ) | |
| CHARLES ALBINO, Warden, ) | |
| Southern State Correctional ) | |
| Facility, and ) | |
| the ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following:

1. The grand jury indicted Tyree Stephens in March 1998, charging him with second degree burglary, misdemeanor theft, and second degree conspiracy. In April 1998, Stephens pled guilty to second degree burglary; the prosecution entered *nolle prosequis* on the other two counts of the indictment. Stephens was sentenced in June 1998 to three years of imprisonment, suspended for a total of three years at a halfway house and probation. Stephens was charged in January 1999, February 1999, December 1999, and April 2001 with violating the terms of his probation. Stephens in November 2002 was charged yet again with violating the terms of his probation: probation officers alleged that Stephens, having been sentenced to a term of home confinement in connection with his last violation of probation, provided false information to probation officers and failed to report to probation officers as directed. A Superior Court judge, on November 14, 2002, directed that a capias be issued for Stephens' arrest.

2. Stephens was arrested in Gloucester County, New Jersey on June 11, 2003 and charged as a fugitive on the basis of the November 2002 Delaware capias. Stephens waived extradition to Delaware on June 17, 2003, and a New Jersey Superior Court judge directed that Delaware authorities obtain custody of Stephens within 10 days. But on June 17, 2003, a judge in Camden County, New Jersey issued a warrant for Stephens' arrest, Stephens being charged with conspiracy. Stephens was eventually convicted in New Jersey and sentenced to five years imprisonment.

3. In December 2006, New Jersey correctional officials contacted the Delaware Superior Court to ascertain the status of Stephens' various violations of probation. In response, state detectives in the Delaware Department of Justice, in January 2007, lodged as a detainer the November 2002 capias Superior Court had issued for Stephens' November 2002 violation of probation. In April 2007, Stephens wrote to the Delaware Superior Court judge, asking that the detainer be lifted; as of the date of this pleading, no action had been taken on Stephens' letter.

4. Stephens has now applied for federal habeas relief. (DI 1). It appears to respondents that Stephens wants the Delaware probation terminated (DI 1 at 6 ("Petitioner seeks to have that probation vacated")) and either the detainer based on the November 2002 violation of probation vacated (DI 1 at 7-8) or Delaware authorities to obtain custody of him for purposes of adjudicating the violation of probation allegation (DI 1 at 8, 9). As a preliminary matter, though Stephens is physically in New Jersey, the petition is properly in this Court, Stephens being "deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." *Graham v. Brooks*, 342 F.Supp.2d 256, 261 (D. Del. 2004) (citing cases). In turn, though Stephens has invoked this Court's habeas jurisdiction under 28 U.S.C. §2254

(*see* DI 1 (standard form, referring to §2254, in use under Habeas Rule 2(d))), the petition is instead properly brought under 28 U.S.C. §2241. *Graham*, 342 F.Supp.2d at 261. Finally, though Stephens is subject to the exhaustion requirement, *Graham*, 342 F.Supp.2d at 262-64, respondents elect to waive the exhaustion requirement.

5. Stephens' claims appear to turn – at least in part – on his belief that the failure of Delaware officials to obtain custody of him in June 2003 somehow works as a dismissal of the violation of probation allegation. Because the detainer lodged by Delaware authorities is based on a violation of probation, the Interstate Agreement on Detainers (Del. Code Ann. tit. 11, §§2540-50) is not applicable. *Carchman v. Nash*, 473 U.S. 716, 724-34 (1985) (cited in *Graham*, 324 F.Supp.2d at 262). Instead, the only means by which Delaware authorities can obtain custody of Stephens is by means of extradition. *See generally* Del. Code Ann. tit. 11, §§2522, 2523(b). But because Stephens was facing New Jersey criminal charges in June 2003 (and was subsequently convicted and sentenced), there was no duty on the part of the State of New Jersey to deliver Stephens to Delaware authorities. N.J. Stat. Ann. §2A:160-27. *Accord* Del. Code Ann. tit. 11, §2519; Unif. Crim. Extradition Act §19. *See, e.g., Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922) (prisoner "may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."); *Taylor v. Taintor*, 83 U.S. 366, 370-71 (1872) ("Where a demand is properly made by the governor of one State upon the governor of another, the duty to surrender is not absolute and unqualified.... If the laws of the latter State have been put in force against the fugitive, and he is

imprisoned there, the demands of those laws may first be satisfied. The duty of obedience then arises, and not before."); *Plymale v. Coiner*, 302 F.Supp. 1272, 1274 (N.D. W.Va. 1969); *People v. Martin*, 567 N.E.2d 1097, 1100-01 (Ill. App. Ct. 1991); *State v. Robbins*, 590 A.2d 1133, 1136-37, 1138 (N.J. 1991); *Burton v. State*, 377 S.W.2d 900, 902 (Tenn. 1964). That Stephens had waived extradition to Delaware did not defeat the right of New Jersey to refuse to surrender him. *State v. Steele*, 624 N.W.2d 1, 8 (Neb. 2001); N.J. Stat. Ann. §2A:160-30. Conversely, Delaware did not waive its right to seek the return of Stephens upon his completion of his New Jersey sentence. *See Plymale*, 302 F.Supp. at 1274; *Martin*, 567 N.E.2d at 1101; *Brooks v. State*, 91 S.W.3d 36, 38-39 (Tex. Ct. App. 2002); Del. Code Ann. tit. 11, §2527; N.J. Stat. Ann. §2A:160-8; Unif. Crim. Extradition Act §25-B.

6. Stephens' request that Delaware officials be compelled to obtain custody of him also fails. A fugitive has no right to compel his own extradition,[1] and given that Stephens has been serving a sentence in New Jersey, the notion that he could compel his own extradition flies in the face of *Ponzi* and *Taylor* and the extradition statutes. And there is no reason to think that the failure (or perhaps more precisely, the inability) to extradite Stephens implicates his right to a speedy trial under the Sixth Amendment. As this Court noted in *Graham*, the Supreme Court has not extended the Sixth Amendment speedy trial right to the context of probation violations, and Stephens thus makes out no claim in that regard. 342 F.Supp.2d at 264-65

---

[1] *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999); *Moody v. Corsentino*, 843 P.2d 1355, 1372-73 (Colo. 1993) ("[The Extradition Clause] gives each state the right to obtain the return of fugitives who flee to other states. However, it does not establish a mandatory obligation on the part of any state to secure the return of such a person. Rather, the decision to extradite is discretionary, as it requires consideration of 'the seriousness of the offense and the cost of extradition.'" (quoting *People v. Thompson*, 793 P.2d 1173, 1176 (Colo. 1990))).

(citing *Carchman*, 473 U.S. at 731 n.10). To the extent that Stephens might be asserting a due process claim, based on the passage of time since the violation of probation, that claim too fails. The mere lodging of the detainer did not violate Stephens' due process rights. *Moody v. Daggett*, 429 U.S. 78, 86 (1976). In addition, any adverse effect the detainer might have on Stephens' classification within the New Jersey prison system and his eligibility for institutional programs is not enough to invoke due process. *Moody*, 429 U.S. at 88 n.9. And finally, Stephens makes no claim that the passage of time has impaired his ability to defend against the allegation that he violated his probation or his ability to present evidence in an effort to convince the Superior Court judge that revocation is not warranted.[2] Given the lack of any specific allegation by Stephens in this regard, he has made out no due process claim. *Moody*, 429 U.S. at 88 n.9; *United States v. Ramos*, 401 F.3d 111, 116 (2d Cir. 2005); *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 634 (10th Cir. 1991); *United States v. Fisher*, 895 F.2d 208, 211 (5th Cir. 1990). Because there is no constitutional violation stemming from the passage of time since the violation of probation, there is perforce no reason to vacate the detainer lodged by Delaware authorities.

7. On the basis of the Superior Court docket sheet, it appears that the following proceedings were recorded, but no transcript has been prepared: entry of guilty plea (April 13, 1998); sentencing (June 19, 1998); violation of probation hearing (January 8, 1999); violation of probation hearing (February 23, 1999); violation of probation hearing (March 21, 2001); violation of

---

[2] *Cf. Black v. Romano*, 471 U.S. 606, 611 (1985) (decision to revoke probation usually "involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation."); *accord Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).

probation hearing (October 30, 2002). Respondents cannot state with specificity when any transcript could be produced if ordered by the Court, but reasonably anticipate that any such transcript could be produced within 90 days of any order by the Court.

8. The petition for a writ of habeas corpus should accordingly be denied without further proceedings.

/s/ Loren C. Meyers
Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

April 21, 2008

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on April 21, 2008,

1. He caused two copies of the attached document (Answer) to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Tyree Stephens
No. 501233
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ  08314

2. He electronically filed the Answer with the Clerk of the District Court using CM/ECF.

Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us