## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYREE STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-08-GMS |
| | ) | |
| CHARLES ALBINO, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Tyree Stephens. *Pro se* petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware.
Counsel for Respondents.

### MEMORANDUM OPINION

_____, 2011
Wilmington, Delaware

Steet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2254 filed by petitioner Tyree Stephens ("Stephens"). (D.I. 1.) For the reasons discussed, the
court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 1998, Stephens was indicted and charged with second degree burglary,
misdemeanor theft, and second degree conspiracy. (D.I. 16.) In April 1998, Stephens pled guilty
before the Delaware Superior Court to second degree burglary. The prosecution entered *nolle
prosequis* on the other two counts of the indictment. The Superior Court sentenced Stephens in
June 1998 to three years of imprisonment, suspended for a total of three years at a halfway house
and probation. *Id.*

In January 1999, February 1999, December 1999, April 2001, and November 2002,
Stephens was charged with violating the terms of his probation. With respect to the November
2002 violation, probation officers alleged that Stephens, having been sentenced to a term of
home confinement in connection with his last violation of probation, provided false information
to probation officers and failed to report to probation officers as directed. On November 14,
2002, a Delaware Superior Court judge directed that a capias be issued for Stephens' arrest. *Id.*

On June 11, 2003, Stephens was arrested in Gloucester County, New Jersey, and charged
as a fugitive on the basis of the November 2002 Delaware capias. Stephens waived extradition
to Delaware on June 17, 2003, and a New Jersey Superior Court judge directed that Delaware
authorities obtain custody of Stevens within 10 days. However, on June 17, 2003, a judge in
Camden County, New Jersey issued a warrant for Stephens' arrest after he was charged with

1

conspiracy. Stephens was eventually convicted in New Jersey and sentenced to five years of imprisonment. *Id.*

In December 2006, New Jersey correctional officials contacted the Delaware Superior Court to ascertain the status of Stephens' various violations of probation. In response, in January 2007, the Delaware Department of Justice lodged the November 2002 capias as a detainer against Stephens. In April 2007, Stephens wrote to the Delaware Superior Court judge, asking that the detainer be lifted. After failing to receive a response from the Delaware Superior Court, Stephens filed the instant § 2254 petition in the United States District Court for the District of New Jersey in December 2007. (D.I. 1.) The New Jersey District court transferred Stephens' petition to this court in January 2008. At the time of the transfer, Stephens was in the custody of the State of New Jersey serving a five year sentence for his 2003 New Jersey conviction.

The court ordered the State to answer Stephens' petition. In its initial answer, the State argued that Stephens' arguments concerning his violation of probation and detainer did not warrant habeas relief. *Id.* On December 22, 2008, Stephens was released from the custody of the State of New Jersey. (D.I. 23.)

Unable to ascertain the status of Stephens' capias and detainer, the court ordered the State to file a supplemental answer addressing those issues, as well as the issue of mootness. (D.I. 21.) The State's supplemental answer and updated state court record reveal that the Delaware capias against Stephens was returned on January 14, 2009, and that Stephens was found in violate of his probation during a hearing held on January 22, 2009. (D.I. 23.) The Delaware Superior Court sentenced Stephens that same day to sixty days imprisonment with no further probation. *Id.* Therefore, in its supplemental answer, the State asserts that the court must dismiss Stephens'

2

petition as moot. *Id.*

## II. DISCUSSION

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis,* 494 U.S. at 477-78.

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong,* 264 F.3d at 383-84.

---

[1]*Kissinger*, 309 F.3d at 181.

3

In this case, Stephens does not challenge legality of his conviction. Rather, he asks that his Delaware probation be terminated, and that either the detainer based on the November 2002 violation of probation be vacated or that the Delaware authorities obtain custody of him for purposes of adjudicating the violation of probation allegation.[2]

Significantly, the record reveals that the issues raised in the petition have been fully resolved; Stephens' violation of probation was adjudicated in January 2009, and he has been fully discharged from the underlying sentence. In turn, Stephens has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claims raised in his petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, Stephens has failed to satisfy Article III's case-and-controversy requirement. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Therefore, the court will deny the instant petition as moot.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether

---

[2]Because the instant petition challenges a detainer lodged by the State of Delaware while Stephens was incarcerated in the State of New Jersey, Stephens should have filed his petition pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). Nevertheless, recognizing that the habeas analysis under § 2241 is identical to that required under § 2254, the court will treat the petition as if it were asserted pursuant to §2241.

4

to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that the instant petition does not warrant federal habeas relief. Consequently, the court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a constitutional right.

## IV. CONCLUSION

For the foregoing reasons, Stephens' § 2254 petition is dismissed. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.